[No. 7348]

## STEWART v. DRISCOLL.

1. MASTER AND SERVANT—*Duty of Master to Warn Servant*, of any fact or condition within his knowledge which may imperil the servant, and of which the servant is ignorant. Servant is injured by a latent defect in the master's appliances, of which, the master having notice, fails to inform him. The master is liable.

2. EVIDENCE—*Competency*—The question being whether certain holes in a "goose-neck" had been enlarged, a "stiff-leg," to which it had been attached, in use, the holes in which were of the size of the enlargement, was offered for plaintiff, with the contention or suggestion that the two could not have been attached, and used in this manner, unless the holes in the goose-neck corresponded with those in the stiff-leg. It was objected that, since the accident which was in question, the stiff-leg had been exposed to the weather for four years, and that by shrinkage the holes therein would be enlarged, and that for this reason, and because after the injury the stiff-leg had been used, it was error to permit the stiff-leg to be shown to the jury. The evidence as to the effect of the exposure being conflicting, and there being evidence that the use of the stiff-leg had not changed its condition, *held* there was no error in allowing the stiff-leg to be exhibited to the jury.

3. PRACTICE IN THE SUPREME COURT—*Verdict Supported by Sufficient Evidence*, though conflicting, will not be disturbed. The credibility of witnesses will not be determined in the court of review.

4. ——*What May be Assigned for Error*—Excluding a question already substantially. answered by the same witness, is harmless, even if error.

5. NEW TRIAL—*Misconduct of Counsel*—Intemperate remarks of counsel, in a wrangle with his ·adversary, not of a character to influence the jury, are no grounds for a new trial.

*Error to Denver District Court.*—Hon. CARLTON M. BLISS, Judge.

Mr. JULIAN G. DICKINSON and Mr. A. H. FELKER, for plaintiff in error.

Mr. LAWRENCE LEWIS, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Defendant in error, as plaintiff, brought suit against plaintiff in error, as defendant, to recover damages for personal injuries sustained through the alleged negligence of the latter. The trial resulted in a verdict and judgment in favor of plaintiff. Defendant has brought the case here for review on error.

The first question urged upon our attention is the insufficiency of the testimony to sustain the verdict. The defendant had a contract for the erection of a sugar beet factory at Garden City, Kansas. Plaintiff was employed by him in the capacity of a structural iron worker in constructing this building. On behalf of the plaintiff the testimony is to the effect that a derrick was used to raise beams to the upper part of the building; that a "gooseneck," a part of this derrick, broke with the weight of a beam which was being hoisted; that the fall of this beam caused his injury; that he did not know the "goose-neck"

was defective, and that the defendant did know of its defective condition, which was latent, but neglected to inform the plaintiff of this fact. It is the duty of an employer to inform his employee of facts within his knowledge affecting the safety of his employee in the service to be performed when the latter is ignorant of them. The failure to discharge this duty in such circumstances when the employee is injured by latent defects in the appliances he is using in the service for which he is employed, and of which he is ignorant, renders the employer liable. Bearing on the question of the negligence of the defendant, his testimony was that he did not know the goose-neck was defective. There was testimony introduced on his part to the effect that it was new and manufactured from a good quality of steel. He also introduced testimony the purpose of which was to show that the testimony of witnesses for plaintiff who testified to the defective condition of the goose-neck was untrue. On his behalf there was testimony, the purpose of which was to impeach the plaintiff, and to establish that the latter was guilty of contributory negligence which was the proximate cause of his injury. In brief, the testimony on the subject of the alleged negligence of defendant, and the negligence of the plaintiff, and also the testimony the object of which was to impeach plaintiff and his witnesses, was conflicting or was of a nature which, from the testimony introduced on the part of the respective parties, left the disputed questions of fact and the credibility of witnesses for the determination of the jury. These several questions the jury resolved in favor of the plaintiff upon testimony which the record as a whole discloses was sufficiently substantial to sustain their findings of fact. The rule of this court, announced in many decisions, is that, in such circumstances, the findings of fact by a jury will not be disturbed, nor the credibility of witnesses determined, on review.

It is also claimed by defendant that the testimony did not establish that the goose-neck which broke was the one alleged to be defective, or the one to which the attention of the defendant had been directed as being imperfect. This contention is clearly without merit, as there is evidence to the effect that the broken goose-neck was the identical one the defective condition of which had been called to the attention of the defendant previous to the time it was attached to the derrick.

It is next urged that the court erred in permitting exhibit B to be admitted as evidence at the request of the plaintiff. This exhibit was a part of the derrick to which the goose-neck had been attached. The testimony for plaintiff was that the goose-neck had been taken to a blacksmith, who was instructed to enlarge the holes in it intended to receive bolts from ⅝ to ¾ of an inch. In making this change the defective condition of the goose-neck had been discovered. The part to which it was fastened, the exhibit mentioned, was of wood and designated a "stiff-leg." Whether the holes through this appliance were ⅝ or ¾ inch in size was material for the purpose of showing the necessity of enlarging the holes in the goose-neck, in this, that if the holes in the stiff-leg were ¾ inch in diameter it was necessary to have the holes in the goose-neck the same size. The stiff-leg had been exposed to the weather for about four years previous to the time it was exhibited at the trial. The claim on the part of the defendant, according to the testimony, is that the exposure of the stiff-leg to the elements would cause it to shrink, with the result that the holes would be enlarged, and therefore it was error to permit it to be received in evidence. This was a matter for the jury to consider in determining what the size of the holes was originally. Aside from this the testimony on the subject of whether the exposure of the stiff-leg to the weather would cause the holes to contract or expand was conflict-

ing. Had the soundness of the stiff-leg been a material question, then the fact that it had been exposed to the action of the elements for several years might have rendered it inadmissible. The authorities cited by counsel go to this point, which is in no sense involved. It also appears that this stiff-leg had been used after the injury and for this reason it is urged that it was not admissible as evidence. The evidence disclosed that this use had not materially changed it in the particulars to establish which it was exhibited to the jury. In addition the plaintiff testified that in these respects its condition was the same as at the time of his injury.

The witness, the blacksmith who testified that he enlarged the holes in the goose-neck, stated that he discovered its defective condition when heated. A witness for defendant who testified that he made the goose-neck from new steel, was asked:

"If there were any flaws in this goose-neck at the bend there, or in any place, would you have seen it? If there had been (a flaw) would you have known it?"

An objection to these questions was sustained. The substance of the testimony of the blacksmith was that heating the goose-neck enabled him to discover its defective condition. Had the witness for defendant been asked if by heating a piece of steel flaws or defects could be discovered which were not visible when the steel was cold the questions might have been pertinent: as framed, they did not tend to elicit any material fact. In addition, it is proper to observe that the witness, by previous answers, had substantially answered these questions in the affirmative.

It is finally urged that the court erred in not granting the defendant a new trial because of the conduct of counsel for plaintiff in charging counsel for defendant, with-

out ground or reason therefor, with having talked with the jury, and with handling the exhibits, so as to convey to the jurors matters which would improperly influence them. If there is any merit in this contention, the question is not so presented as to enable us to consider it. What the record may disclose on these subjects is not shown, nor called to our attention. If, however, a colloquy between counsel is made the basis of this alleged error it is clearly without merit. Apparently counsel had indulged in a slight quarrel with the trial judge very properly characterized as trivial; it was not of a nature to exert any influence on the jury for or against either of the parties.

It is unquestionably true that the testimony on the part of the plaintiff was of a nature which might raise questions regarding his credibility and the weight to be given the statements of his witnesses, but these were matters peculiarly within the province of the jury to consider and determine. They had the advantage of hearing the witnesses and noticing their demeanor while testifying. These were aids in determining their credibility of which we are deprived by mere review of the record. As there was sufficient substantial testimony on the part of the plaintiff, which if believed, as it evidently was, would be sufficient to sustain the verdict, we are not at liberty to retry the case here on the testimony and determine the facts. The judgment of the district court is affirmed.

*Judgment affirmed.*

Chief Justice Musser and Mr. Justice Hill concur.

Decided January 12th, A. D. 1914. Rehearing denied March 2d, A. D. 1914.